UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        -against-

CARLTON VANIER

               Defendant.

---

**ORDER**

S1 18-CR-873 (VSB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2021

<u>VERNON S. BRODERICK</u>, United States District Judge:

    I am in receipt of Defendant Carlton Vanier's request to withdraw his plea and/or for a sentencing hearing, ("Vanier's Request"; Doc. 80), the Government's response, ("Government's Response"; Doc. 81), and Defendant's reply, ("Defendant's Reply"; Doc. 81). Based on my review of the papers, I have numerous questions that I would like the parties to address at a hearing.

    Regarding Count Two, the Defendant was charged with participating in a sex trafficking conspiracy in violation of 18 U.S.C. § 1594(c). (Superseding Information, Doc. 30 at 2.) The Superseding Information, however, does not indicate the § 1591 penalty provision that the Defendant was charged with—either § 1591(b)(1) or (b)(2). The penalty provision was not mentioned in the Defendant's Plea Agreement, (*see* Plea Agreement, Doc. 81-1), and was not mentioned during Defendant's allocution, (*see* Plea Allocution, Doc. 81-2). The guidelines range agreed to in the Government's plea letter dated November 26, 2020 ("Plea Agreement"), however, seemed to assume that § 1591(b)(1) was the applicable penalty provision because the base offense level was stated to be 34. (Doc. 81-1 at 3.) The Sentencing Guidelines provide that 34 is the base offense level for a conviction under 18 U.S.C. § 1591(b)(1). U.S.S.G. § 2G1.3(a)(1).

Section 1591(b)(1) states:

> if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life.

Although the Government's Response and the Presentence Investigation Report ("PSR") mention that the victim in Count Two ("Minor Victim-2") was approximately 12 or 13 years old, (*see* Doc. 81 at 2), the age of Minor Victim-2 is not mentioned in the Superseding Information, the Plea Agreement, and was not mentioned during the plea allocution.  Force, threats of force, fraud, and coercion are mentioned in the Superseding Information, the Plea Agreement, and were mentioned during the plea allocution.  (*See* Docs. 30, 81-1, 81-2.)

Based on these observations, the Government is directed to be prepared to address the following questions at the hearing:

1. Is the Government asserting that because the Defendant admitted to use of force, threats of force, fraud, or coercion in the Plea Agreement and allocution, there is no need for Defendant to allocute or admit to Minor Victim-2 being under 14 years old?

2. If so, is there case law supporting this interpretation of the statute, or is the Government just relying on statutory construction?

3. Is the Defendant's allocution by itself sufficient to establish use of force, threats of force, fraud, or coercion?

4. In its submission the Government references documents produced by the Government to Defendant before his plea that purportedly describe "the conduct with which the defendant is charged." (Doc. 81 at 2 n.2.)

   a. Do the descriptions include information about the ages of the victims? If so, please provide copies of such documents in advance of the hearing.

   b. Do the descriptions include information concerning any use of force, threats of force, fraud, or coercion? If so, please provide copies of such documents in advance of the hearing.

   c. Do any of the materials produced in discovery document communications between Defendant and any of the victims, including Victim 1 and Victim 2? If so, please provide copies of such documents in advance of the hearing.

The Defendant is directed to be prepared to address the following questions at the hearing:

1. Can the Defendant argue that the allocution was insufficient in light of the Plea Agreement that provides for a base offense level of 34 and application of Section 2G1.3(a)(1) of the Guidelines?

2. If the Plea Agreement and allocution include an admission to use of force, threats of force, fraud, or coercion, does the Government need to establish that Defendant knew that Minor Victim-2 was under 14 years old? If so, is there case law that supports this interpretation of the statute?

3. Regarding Count One, Defendant objects to the two-level sentencing enhancement for "unduly influencing" the victim pursuant to U.S.S.G. §

2G1.3(a)(2) by referring to the definition of "coercion" in 18 U.S.C. § 1591(e)(2). (Doc. 80 at 2–3.) In Count One, however, Defendant was charged under 18 U.S.C. § 1591(b)(2), which does not refer to § 1591(e)(2). This definition seems inapplicable. Does Defendant still maintain his position? If so, is there case law to support Defendant's position?

4. As part of Defendant's motion, he submitted a record from a residential drug treatment program. (Doc. 80-1.)

   a. Did Defendant enter this program in connection with a criminal conviction? What was that conviction? Does the conviction appear in Defendant's PSR?

   b. Was Defendant referred to this program? If so, who or what entity referred Defendant to the program?

A telephone hearing is scheduled in this matter for March 30, 2021, at 9:00 a.m. To join the conference, dial 1-888-363-4749; access code: 2682448. Members of the public may also use this dial-in information to listen to the hearing. If either party intends to make a request that the hearing be in person, any such request must be made on or before March 19, 2021.

SO ORDERED.

Dated: February 25, 2021
       New York, New York

_____
Vernon S. Broderick
United States District Judge